IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE EDWARD HARRIS,

      Plaintiff,                      No. CIV S-10-1177 FCD EFB P

      vs.

HIGH DESERT STATE PRISON, et al.,

      Defendants.                 ORDER

_____/

      Lee Edward Harris, an inmate confined at High Desert State Prison and proceeding pro se, has commenced this civil action seeking redress from a governmental entity, officer, or employee. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis and a request for the appointment of counsel. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.**     **Request to Proceed In Forma Pauperis**

      Plaintiff's application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 makes the showing required by section 1915(a)(1) and (2). Accordingly, by separate directs the agency having custody of plaintiff is directed to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

## II.     Request for Appointment of Counsel

Plaintiff requests the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

## III.     Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

1  A claim has facial plausibility when the plaintiff pleads factual content that allows
   the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged. The plausibility standard is not akin to a "probability
   requirement," but it asks for more than a sheer possibility that a defendant has
3  acted unlawfully. Where a complaint pleads facts that are merely consistent with a
   defendant's liability, it stops short of the line between possibility and plausibility
4  of entitlement to relief.

5 *Id.* (citations and quotation marks omitted). Although legal conclusions can provide the

6 framework of a complaint, they must be supported by factual allegations, and are not entitled to

7 the assumption of truth. *Id.* at 1950.

8       The court finds the allegations in plaintiff's complaint so vague and conclusory

9 that it fails to state a claim upon which relief can be granted. In reviewing plaintiff's complaint,

10 the court is required to guess who is being sued for what. Although the Federal Rules of Civil

11 Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the

12 elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646,

13 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts

14 which defendants engaged in that support plaintiff's claim. *Id.* If the pleading were served in its

15 present form it would not give defendants fair notice of the claims against them and their best

16 guess about the nature of plaintiff's complaint may be quite different than the court's. Plaintiff

17 need not identify the law that makes the alleged conduct wrong. He may use his own language

18 to state, simply and directly, the wrong that has been committed and clearly explain how each

19 state actor identified as a defendant was involved and what relief plaintiff requests of each

20 defendant. *Jones*, 733 F.2d at 649; *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978). To proceed,

21 plaintiff must file an amended complaint.

22       Plaintiff's amended complaint must adhere to the following requirements:

23       It must be complete in itself without reference to any prior pleading. E.D. Cal. Local

24 Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended

25 complaint, the original pleading is superseded.

26 ////

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

4

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

Accordingly, it hereby is ordered that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's May 13, 2010, request for appointment of counsel is denied.

////

////

////

     4. Plaintiff's complaint is dismissed with leave to amend within 30 days. Any amended complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed.

     5. The Clerk of the Court is directed to send plaintiff a form for filing a civil rights action under 42 U.S.C. § 1983.

Dated: March 21, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE