IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE EDWARD HARRIS,

    Plaintiff,                            No. CIV S-10-1177 KJM EFB P

    vs.

HIGH DESERT STATE PRISON, et al.,

    Defendants.                      FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff commenced this action on May 13, 2010. Dckt. No. 1. On March 21, 2011 the court dismissed plaintiff's complaint for failure to state a claim after reviewing it pursuant to 28 U.S.C. § 1915A. Dckt. No. 19. Plaintiff has since filed a first amended complaint and a second amended complaint, which do not differ in any material respects. Dckt. Nos. 22, 24.

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In this action, plaintiff seeks compensation from defendant Sisson for his placement in the Security Housing Unit since September 16, 2008. Dckt. Nos. 22, 24. Having reviewed the first and second amended complaints in this action, the court finds this action should be dismissed as frivolous because it is duplicative of an earlier filed action that plaintiff is now litigating in this court. Dckt. No. 24. *See Harris v. High Desert State Prison*, No. Civ. S-10-1031 JAM EFB Dckt. Nos. 1 (April 15, 2010 original complaint), 12 (October 20, 2010 amended complaint regarding placement in Security Housing Unit on September 16, 2008), 32 (screening order allowing action to proceed on due process claim against defendant Sisson).[1] *See* 28 U.S.C. § 1915A(b)(1); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (A complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of 28 U.S.C. § 1915). A suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Barapind v. Reno*, 72 F. Supp.2d 1132, 1145 (E.D. Cal. 1999) (quoting *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)). "When a complaint involving the same parties and issues has already been filed in another federal district court, the court has discretion to abate or dismiss the second action. *Id.* at 1144 (citation omitted). "Federal comity and judicial economy give rise to rules which allow a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Id.* at 1145 (citation omitted). "[I]ncreasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the right of the parties." *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979). Due to the duplicative nature of the present action, this action should be dismissed and plaintiff should proceed on the action he

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1 initially commenced.

2     Accordingly, it is hereby RECOMMENDED that this action be dismissed as duplicative
3 and frivolous.

4     These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
6 after being served with these findings and recommendations, any party may file written
7 objections with the court and serve a copy on all parties.  Such a document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
9 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
10 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11 Dated:  November 8, 2011.

                      EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE